**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JONATHAN SANTIAGO VELEZ, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | 21-14148 (JMV) (AME) |
| v. | : | |
| | : | **OPINION & ORDER** |
| | : | |
| DET. M. BASHIR, et al., | : | |
| | : | |
| Defendants. | : | |

Before the Court is Plaintiff's second application to proceed *in forma pauperis*. (D.E. 7.) This Court has discretion to grant or deny *in forma pauperis* status, and as the Third Circuit explained:

> IFP determinations are made solely on the basis of indigence, without regard to the potential merit of a complaint. *See Deutsch v. United States,* 67 F.3d 1080, 1084 n. 5 (3d Cir. 1995). . . . The decision to grant IFP status turns on whether an applicant is "economically eligible" for such status. *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir.1976) (citation omitted). When exercising its discretion to approve or deny a motion to proceed IFP, a District Court "must be rigorous . . . to ensure that the treasury is not unduly imposed upon." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir.1989). At the same time, however, the court must remember that the purpose of the IFP statute "is to provide an entré, not a barrier, to the indigent seeking relief in federal court." *Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir.1975). Indeed, the Supreme Court has held that a plaintiff need not "be absolutely destitute" or "contribute to payment of costs, the last dollar they have or can get" to enjoy the benefit of IFP status. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337, 69 S.Ct. 85, 93 L.Ed. 43 (1948). To require complete destitution would prevent meritorious suits from being brought, frustrating the IFP statute. *Id.* at 340, 69 S.Ct. 85.

*In re Mock*, 252 F. App'x 522, 523 (3d Cir. 2007).  The Third Circuit also emphasized, that as a general matter, "the decision to grant or deny a motion to proceed IFP should . . . be based solely on the litigant's financial status." *Burton v. Schamp*, 707 F. App'x 754, 755 (3d Cir. 2017).

With those principles in mind, in an earlier Order, the Court denied Plaintiff's first application to proceed *in forma pauperis* because Plaintiff submitted false information under penalty perjury, namely:

> In his application, he declared under penalty of perjury, that he has not received any money from gifts or inheritances. Additionally, Plaintiff did not answer whether he received income from "[a]ny other sources." A review of Plaintiff's account statement reveals, however, that he has been receiving hundreds of dollars, fairly regularly, from various individuals over the past year.

(*Id*. at 1 (citations omitted))  Consequently, the Court cautioned Plaintiff against submitting false statements to this Court and warned that "[i]f Plaintiff does so again, he will face the appropriate penalties." (*Id*.)

Despite that warning, Plaintiff has once again submitted false and perjurious statements to this Court.  In his latest application, Plaintiff declared under penalty of perjury, that he "has not received any money from any . . . sources," including gifts and any other sources. (D.E. 7, at 2.) Plaintiff's inmate account statement once again reveals that he has been receiving hundreds of dollars, fairly regularly, from various individuals over the past year. (*Id*. at 4–6.)  Indeed, a review of the deposits demonstrates that Petitioner received over $4,500.00, since October of 2020.  (*Id*.)

As a result, "[u]nlike a case in which a plaintiff has not provided sufficient information from which a court can infer indigency, Plaintiff is filing documents under perjury that contain contradictory representations about [his] indigency." *Roberts v. Hedlin*, No. 18-00096, 2018 WL 9536519, at *1 (S.D. Cal. Jan. 23, 2018).  Due to Plaintiff's "falsehoods regarding his financial circumstances" and his substantial financial deposits, the Court cannot conclude that Plaintiff is

2

indigent or that he has not "materially understated the income and resources available to him." *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983); *Hedlin*, 2018 WL 9536519, at *1; *Donelson v. Tanner*, No. 17-8078, 2018 WL 3208507, at *3–4 (N.D. Ill. June 29, 2018), *aff'd*, 768 F. App'x 573 (7th Cir. 2019).

For those reasons, this Court will exercise its discretion and deny with prejudice Plaintiff's second application to proceed *in forma pauperis*. Consequently, the Court will terminate this case. Plaintiff shall have an opportunity to reopen this action by paying the $402.00 filing fee within thirty days. Accordingly,

IT IS, on this 29th day of October 2021,

**ORDERED** that the Clerk of the Court shall REOPEN this case for consideration of Plaintiff's latest submissions; and it is further

**ORDERED** that Plaintiff's second application to proceed *in forma pauperis*, (D.E. 7.), is DENIED WITH PREJUDICE; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case, without filing the Complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for the purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar provided the original complaint was timely; and it is further

**ORDERED** that Plaintiff may have the case reopened if within thirty (30) days of the date of the entry of this Order, Plaintiff pre-pays the $402 filing and administrative fees; and it is further

**ORDERED** that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case and the fees within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Opinion and Order upon Plaintiff by regular U.S. mail.

_____
JOHN MICHAEL VAZQUEZ
United States District Judge